# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# NEWNAN DIVISION

| | | |
|---|---|---|
| RANDY HAYES MANGHAM, | :: | CIVIL ACTION NO. |
|     Plaintiff, | :: | 3:05-CV-0122-JTC |
| | :: | |
| v. | :: | |
| | :: | |
| DANIEL GREENE, Deputy Sheriff, | :: | PRISONER CIVIL RIGHTS |
|     Defendant. | :: | 42 U.S.C. § 1983 |

## ORDER AND OPINION

Now before the Court is Defendant's Motion to Dismiss Plaintiff's 42 U.S.C. § 1983 complaint as time-barred. [Doc. 7.] Previously, the Court allowed Plaintiff's First Amendment claim to proceed against Deputy Greene for allegedly opening and distributing Plaintiff's legal mail on March 15, 2002, without Plaintiff's permission. [Doc. 5.] In his complaint – submitted on November 8, 2005, more than three and one-half years after the alleged violation – Plaintiff stated that he had sent a formal request to the Spalding County Jail on April 14, 2005, as well as two complaints to the Jail on June 10, 2005, and a certified letter to Spalding County, but had received no response.[1] [Doc. 1 ¶ II and attach.]

---

[1] Plaintiff brought an identical claim in a civil action filed on July 2, 2002, which this Court dismissed without prejudice on September 25, 2003, for failure to exhaust administrative remedies. See Mangham v. Spalding County Sheriff's Department, Civil Action No. 3:02-CV-0077 (N.D. Ga. Sep. 25, 2003). In that proceeding, Plaintiff claimed that he "had a grievance form hand delivered to the Spalding County Sheriff's Dep't" on May 5, 2003. Id. Doc. 14 at 5.

AO 72A
(Rev.8/82)

"The statute of limitations for a section 1983 claim arising out of events occurring in Georgia is two years." Thigpen v. Bibb County, 223 F.3d 1231, 1243 (11th Cir. 2000). But see Brown v. Valoff, 422 F.3d 926, 943 (9th Cir. 2005) (agreeing "with the uniform holdings of the circuits that have considered the question that the applicable statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process"). As the relevant dates set forth above indicate, it appears that, without tolling, Plaintiff's complaint is time barred.

In his motion to dismiss, Defendant argues that Plaintiff's complaint is indeed time-barred because equitable tolling, even if it applies in general to the statute of limitations for a prisoner complaint, does not apply here. Stating that "the majority position is to allow equitable tolling sparingly and only in exceptional circumstances," Defendant suggests that Plaintiff was so dilatory in seeking to exhaust his administrative remedies that he is not entitled to equitable tolling. [Doc. 7-2 at 3-4.]

However, Defendant does not provide a copy or description of the Spalding County Jail's administrative grievance procedure and does not explicitly claim that Plaintiff's first attempt to exhaust his administrative remedies, initiated fourteen months after the incident at issue, was untimely according to that grievance procedure. [See id. at 3-4.] Although it seems improbable that Plaintiff timely filed his first administrative grievance, the Court is not inclined to speculate on the matter.

Defendant also does not inform the Court whether that first grievance ultimately was resolved or is still pending, leaving the Court to speculate on that matter as well. Instead, Defendant notes that, in addition to the aforementioned fourteen months, Plaintiff waited another eighteen months after his initial lawsuit was dismissed before re-initiating the grievance process at the Spalding County Jail. [Id. at 4.] Defendant admits, however, that a § 1983 plaintiff is entitled to equitable tolling when he has filed a timely administrative grievance that prison officials themselves have treated in a dilatory manner. [Id. at 3.] See Brown, 422 F.3d at 943 (noting "that, again like all the other circuits that have considered the question, we refuse to . . . permit [prison officials] to exploit the exhaustion requirement through indefinite delay in responding to grievances") (internal quotations omitted).

Based on the information that Defendant has provided in his Motion to Dismiss, the Court cannot definitively conclude that Plaintiff's complaint is time-barred. Accordingly, Defendant's Motion to Dismiss [Doc. 7] is **DENIED WITHOUT PREJUDICE** to renewal upon the development of a more complete factual record.

**IT IS SO ORDERED** this 8th day of December, 2006.

JACK T. CAMP
UNITED STATES DISTRICT JUDGE

3

AO 72A
(Rev.8/82)