IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | | |
|---|---|---|
| RANDY HAYES MANGHAM, | :: | CIVIL ACTION NO. |
|     Plaintiff, | :: | 3:05-CV-0122-JTC |
| | :: | |
| v. | :: | |
| | :: | |
| DANIEL GREENE, Deputy Sheriff, | :: | PRISONER CIVIL RIGHTS |
|     Defendant. | :: | 42 U.S.C. § 1983 |

## ORDER AND OPINION

Now before the Court is Defendant's Motion for Summary Judgment. [Doc. 11.] Plaintiff has not filed a response.

## I. BACKGROUND

Plaintiff claims that Defendant, a Deputy Sheriff at the Spalding County Jail, violated his First Amendment rights by opening and distributing copies of his legal mail on March 15, 2002. [Doc. 1 ¶ IV.] In his complaint,[1] filed on November 16, 2005, Plaintiff describes the following attempts to exhaust his administrative remedies, to which he received no response: a "formal request" that he sent to the Jail

---

[1] Plaintiff brought an identical claim in a prior complaint filed on July 2, 2002, which this Court dismissed without prejudice due to Plaintiff's failure to exhaust his administrative remedies. See Mangham v. Spalding County Sheriff's Department, Civil Action No. 3:02-CV-0077 (N.D. Ga. Sep. 25, 2003). In that proceeding, Plaintiff claimed that he "had a grievance form hand delivered to the Spalding County Sheriff's Dept." on May 5, 2003. Id., Doc. 14 at 5.

on April 14, 2005; "two complaints" that he filed on June 10, 2005; and a certified letter that he sent to Spalding County. [Id. ¶ II.] Defendant filed a motion to dismiss the complaint as time-barred, but this Court denied that motion without prejudice because it lacked sufficient factual support. [Docs. 7, 9.]

## II.  SUMMARY JUDGMENT STANDARD

Summary judgment is proper if the pleadings and other documents on file "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). When considering a summary judgment motion, a court must "view the evidence and all factual inferences therefrom in the light most favorable" to the non-movant. Burton v. City of Belle Glade, 178 F.3d 1175, 1187 (11th Cir. 1999). However, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (internal quotations omitted).

2

The movant bears the initial burden of demonstrating that summary judgment is warranted. Apcoa, Inc. v. Fidelity Nat'l Bank, 906 F.2d 610, 611 (11th Cir. 1990). The movant may do so by showing "that there is an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 325. Once the movant has properly supported the summary judgment motion, the non-movant then must "come forward with specific facts showing that there is a *genuine issue for trial*," i.e., that the evidence is sufficient to support a jury verdict in the non-movant's favor. Bailey v. Allgas, Inc., 284 F.3d 1237, 1243 (11th Cir. 2002) (internal quotations omitted).

### III.  DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

The grievance procedure at the Spalding County Jail requires an inmate "to file a written grievance within five days of the discovery of the incident or when he reasonably should have discovered the incident." [Doc. 11, Mem. of Law at 2; Wilson Aff. ¶ 7 and Ex. A, Spalding County Jail Procedures Manual ¶ II.F.] On May 5, 2003, the Spalding County Sheriff's Office first received "a document from plaintiff" – a form provided by the Georgia Department of Corrections, dated April 22, 2003 – "concerning the opening of his mail" on March 15, 2002. [Id., Mem. of Law at 3; Wilson Aff. ¶ 10 and Ex. B.] In response, the Spalding County Jail

3

Administrator requested that Plaintiff (1) complete a Spalding County Complaint form and (2) provide evidentiary support for his allegations. Plaintiff did not respond to that request, and there was no further investigation of the matter. [Id., Mem. of Law at 3; Wilson Aff. ¶ 11 and Ex. C.]

Defendant argues that, as a result, Plaintiff failed to exhaust his administrative remedies before March 15, 2004, when the two-year statute of limitations expired on his First Amendment claim, rendering the instant action time-barred. Defendant notes that even if Plaintiff's May 5, 2003, submission could be considered a grievance, it was "too late under the grievance policy" in force at the Jail because it was not filed "within five days of the incident." [Id. at 5-8.] Defendant argues further that even if equitable tolling might apply in this Circuit while a prisoner completes the administrative exhaustion process, Plaintiff is not entitled to it because his initial "grievance" was untimely; he failed to rectify the deficiencies therein when requested to do so; and the statute of limitations expired well before he made any further attempt to exhaust his administrative remedies. [Id. at 8-11.] Finally, Defendant argues that Plaintiff's claim regarding "the incidental opening of one" item of legal mail is patently without merit. [Id. at 11.]

4

As noted above, Plaintiff has not responded to Defendant's motion for summary judgment. That failure alone is sufficient warrant to grant Defendant's motion. See L.R. 7.1.B., N.D. Ga. (providing that failure to respond to a motion "shall indicate that there is no opposition to the motion").

### IV. DISCUSSION

Pursuant to the Prison Litigation Reform Act of 1995 (the PLRA), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983] or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This "exhaustion requirement 'applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.' This provision entirely eliminates judicial discretion and instead mandates strict exhaustion, 'irrespective of the forms of relief sought and offered through administrative avenues.'" Johnson v. Meadows, 418 F.3d 1152, 1155 (11th Cir. 2005) (citation omitted) (quoting Porter v. Nussle, 534 U.S. 516, 532 (2002), and Booth v. Churner, 532 U.S. 731, 741 n.6 (2001)). Moreover, if a prisoner has filed an untimely administrative grievance and has not established good cause for the delay, under the relevant standard, he has not

5

exhausted his administrative remedies "for purposes of the PLRA exhaustion requirement." See Johnson, 418 F.3d at 1155, 1159 (remanding to district court for dismissal of prisoner's civil action because "the failure of a plaintiff to grieve timely requires a dismissal of a federal suit with prejudice, when the prisoner did not follow internal grievance procedure initially, and upon a subsequent filing of an out-of-time grievance, the prison administrators find no grounds (or good cause) to authorize said out-of-time grievance").

It is apparent from the undisputed facts of this case that Plaintiff did not file a timely grievance concerning the alleged opening of his legal mail on March 15, 2002. Furthermore, even if the Spalding County Jail Administrator's response to Plaintiff's May 5, 2002, submission, in effect authorized Plaintiff to file an out-of-time grievance [see Wilson Aff., Ex. C], Plaintiff submitted nothing further in that regard until April 14, 2005, almost three years later. Accordingly, Plaintiff did not satisfy the PLRA exhaustion requirement with respect to the claim at issue here, and his complaint must be dismissed with prejudice on that basis.

In addition, the instant lawsuit, which Plaintiff executed on November 8, 2005, more than three and one-half years after the incident at issue, is time-barred. See Thigpen v. Bibb County, 223 F.3d 1231, 1243 (11th Cir. 2000) (noting that "statute

6

AO 72A
(Rev.8/82)

of limitations for a section 1983 claim arising out of events occurring in Georgia is two years"). To the extent that, in its previous Order, this Court left open the possibility that the limitations period might be deemed equitably tolled during the time when Plaintiff was attempting to exhaust his administrative remedies [see Doc. 9], the undisputed facts make clear that Plaintiff is not entitled to equitable tolling. There is no evidence that Spalding County officials "exploit[ed] the exhaustion requirement through indefinite delay in responding to grievances," see Brown v. Valoff, 422 F.3d 926, 943 n.18 (9th Cir. 2005), and Plaintiff did not diligently pursue his administrative remedies during the limitations period.

## V.  CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment [Doc. 11] is **GRANTED**, and the instant action is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**, this 31st day of July, 2007.

                                                                                  /s/ Jack T. Camp
                                                                                  JACK T. CAMP
                                                                                  UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)